**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ESTATE OF JUDY GARDEBLED**                    **CIVIL ACTION**

**VERSUS**                                       **CASE NO. 22-115**

**STATE FARM FIRE & CASUALTY CO.**               **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's ("Defendant") "Motion to Stay."[1] Defendant seeks to stay this case pending resolution of the matter of the Succession of Judy McCay Gardebled in the Twenty-Fourth Judicial District for the Parish of Jefferson, Case No. 824-462 (the "Succession Litigation").[2] Plaintiff Estate of Judy Gardebled ("Plaintiff") opposes the motion.[3] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

This litigation arises from damage allegedly sustained to Plaintiff's residential property during Hurricane Ida.[4] Plaintiff appearing through alleged Executrix, Charlene Pitre ("Pitre"), filed a Complaint on January 20, 2022, alleging that Defendant provided a homeowners insurance

---

[1] Rec. Doc. 22.

[2] *Id.* at 1.

[3] Rec. Doc. 24.

[4] *See* Rec. Doc. 1.

policy ("Policy") for Plaintiff's residential property at the time of Hurricane Ida.[5] Plaintiff avers

that Defendant withheld payment for both damage to the property caused by Hurricane Ida and the

costs of repair even though Plaintiff provided Defendant with sufficient proof of loss.[6]

However, on January 18, 2022, Robert A. Gardebled, Jr. ("Gardebled") instigated the

Succession Litigation by filing a petition to be named Plaintiff's executor in the Twenty-Fourth

Judicial District Court for the Parish of Jefferson.[7] In the petition, Gardebled claimed to be the

decedent's son and presented decedent's original last will and testament dated October 21, 2008.[8]

On January 21, 2022, in that same court, Pitre filed an answer to Gardebled's petition, filed her

own petition to be named Plaintiff's executor, and presented the court with decedent's allegedly

subsequent last will and testament dated November 22, 2021 (the "Subsequent Will").[9] Gardebled

was named Plaintiff's Executor on January 24, 2022.[10] On March 2, 2022, Pitre filed a motion for

a temporary restraining order and a petition to annul testament in the same court.[11] The next day,

that court granted a temporary restraining order preventing Gardebled "from taking any action on

behalf of [Plaintiff] … until further orders of this court are issued," and set the petition to annul

for hearing.[12] As of this date, the Succession Litigation remains pending in state court.

---

[5] *Id.* at 2–3.

[6] *Id*. at 3.

[7] Rec. Doc. 22-3.

[8] Rec. Docs. 22-3 at 1, 22-4 at 2.

[9] Rec. Docs. 22-6, 22-7.

[10] Rec. Doc. 22-5.

[11] Rec. Doc. 22-8.

[12] *Id*. at 9.

On June 14, 2022, Defendant filed the instant "Motion to Stay."[13] The same day, the Magistrate Judge cancelled the Court ordered settlement conference at Defendant's request.[14] On June 20, 2022, Plaintiff opposed the motion.[15]

## II. Parties' Arguments

### A.      Defendant's Arguments in Support of the Motion to Stay

Defendant moves this Court to stay this litigation pending resolution of the Succession Litigation.[16] Defendant raises two arguments in favor of a stay. First, Defendant asserts that, upon death of the insured, the Policy only covers the insured's legal representative and so this litigation could be nullified if Pitre is not named Plaintiff's representative under Louisiana law. [17] Specifically, Defendant avers that, under the Policy, "Judy Gardebled's legal representative became the appropriate individual to proceed with any existing claims upon her death" and the appropriate legal representative "is plainly in dispute between Pitre and [Gardebled]."[18] Thus, Defendant argues that, if Gardebled is successful in the Succession Litigation, "only he will have the authority to act or compromise claims on behalf of [Plaintiff], and he would challenge the outcome of any settlement or proceedings which take place in the litigation."[19]

In support of this argument, Defendant asserts that, under Louisiana law, the succession

---

[13] Rec. Doc. 22.

[14] Rec. Doc. 23.

[15] Rec. Doc. 24.

[16] Rec. Doc. 22.

[17] Rec. Doc. 22-1 at 3–5.

[18] *Id.* at 4.

[19] *Id.*

representative is the fiduciary with respect to succession and the only person who may exercise the estate's procedural rights or bring an action on its behalf.[20] Therefore, Defendant avers that, because Pitre is not yet a representative under Louisiana law, Pitre lacks the power to bring this claim on behalf of Plaintiff, rendering the litigation an "absolute nullity" if she is unsuccessful in the Succession Litigation.[21]

Second, Defendant contends that "there is no question that this Court has the power to stay the proceedings in this litigation" because Defendant has presented good cause to do so.[22] Defendant avers that proceeding "with this matter now while the matter of the estate's proper legal representative remains pending risks a substantial waste of judicial economy and may force [Defendant] to expend resources in litigating a procedurally improper matter."[23] Therefore, Defendant concludes that this litigation must "be stayed pending the outcome of the Succession Litigation" in the "interests of judicial economy."[24]

**B.      *Plaintiff's Arguments in Opposition to the Motion to Stay***

Plaintiff opposes the instant motion.[25] Plaintiff raises two arguments against a stay. First, Plaintiff argues that Defendant's motion "is nothing more than a delay tactic to avoid having to address its bad faith conduct … and to avoid having to reveal documents and information that will

---

[20] *Id.* at 4–5 (citing La. Code Civ. Proc. arts. 3191, 3196, 3198, 3211).

[21] Rec. Doc. 22-1 at 5.

[22] *Id.* at 5–6.

[23] *Id*. at 6.

[24] *Id*.

[25] Rec. Doc. 24.

prove its bad faith."[26] Plaintiff contends that the parties recently had a Rule 37 discovery conference after Defendant failed to timely respond to written discovery.[27] Plaintiff also asserts that, during this conference, the parties agreed that this litigation should not be stayed and, if the attorneys could reach an agreement on damages, Plaintiff's counsel would present it to all of the parties involved in the Succession Litigation for approval.[28] However, Plaintiff argues that Defendant reneged on this agreement in order to "postpone the lawsuit for as long as possible."[29]

Second, Plaintiff argues that a stay is unnecessary because Defendant has other options "to alleviate its concerns."[30] Specifically, Plaintiff avers that Defendant "could force [Gardebled] to be added as a party" to this litigation.[31] Alternatively, Plaintiff contends that the Court could "merely postpone the trial and allow discovery" to proceed.[32] Plaintiff asserts that this solution would allow the parties "to have the necessary relevant information to move forward" without the "potentially years long delay" that could result from staying the matter until a final judgment is rendered in the Succession Litigation, given the likelihood that appeals will be taken in that litigation.[33]

---

[26] *Id*. at 1.

[27] *Id*. at 1–2.

[28] *Id.* at 2.

[29] *Id*.

[30] *Id.*

[31] *Id.*

[32] *Id.* at 3.

[33] *Id.* at 2–3.

### III. Legal Standard for a Motion to Stay

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[34] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[35] The Supreme Court has also instructed that a party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay would harm another party."[36] Nonetheless, "these considerations are counsels of moderation rather than limitations upon power."[37] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[38]

### IV. Analysis

Defendant moves the Court to stay this case during the pendency of the Succession Litigation. The Court declines to exercise its inherent authority to stay this matter. There is no question that a district court has inherent power to "control the disposition of the causes on its

---

[34] 299 U.S. 248, 254 (1936).

[35] *Id.* at 254–55.

[36] *Ates v. Delta Air Lines, Inc.*, No. 15-3228, 2015 WL 5774979, at *3 (E.D. La. Sept. 30, 2015) (Brown, J.) (citing *Landis*, 299 U.S. at 255).

[37] *Id.* (citing *Landis*, 299 U.S. at 255) (internal quotation marks omitted).

[38] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

docket with economy of time and effort for itself, for counsel, and for litigants,"[39] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[40] In determining whether to grant a stay, courts consider the following factors as set out in *Landis v. North American Co.*: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[41] Applying the *Landis* factors here, the Court declines to stay this matter..

Under the first factor, Defendant argues that proceeding with the action "may force [Defendant] to expend resources in litigating a procedurally improper matter."[42] Given that Pitre could possibly lack the procedural capacity to bring the case should she lose the Succession Litigation, the Court agrees that such a risk exists. However, Defendant overstates this concern. As Plaintiff and Defendant originally agreed before Defendant reneged, if Plaintiff's counsel can gain approval from all parties to the Succession Litigation for any proposed resolution of this matter and they all execute a release, proceeding with this case would not pose a problem.[43] As long as the Succession Litigation is pending, both Pitre and Gardebled are potential fiduciaries who must "enforce all obligations in its favor."[44] Thus, the Court finds it possible, even probable, that Pitre and Gardebled can reach an agreement with Defendant regarding any resolution of this

---

[39] *Landis*, 299 U.S. at 254.

[40] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[41] *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 WL 2018073, at *4 (E.D. La. May 20, 2021) (Vance, J.) (quoting *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014)) (internal quotation marks omitted).

[42] Rec. Doc. 22-1 at 6.

[43] *See* Rec. Doc. 24 at 2.

[44] *See* La. Code Civ. Proc. arts. 3191, 3211.

matter. If no such agreement is reached, or if the Succession Litigation is not resolved prior to trial, Defendant can renew its request for a stay. Therefore, the Court finds that the first *Landis* factor does not favor Defendant's request for a stay, given that Defendant has not made out a "clear case of hardship" should this action proceed.

Under the second *Landis* factor, Plaintiff argues that "to stay the matter until a 'final judgment' in the [Succession Litigation] is tantamount to a potentially years long delay" given the likelihood for appeals in that litigation.[45] The Court agrees that it would prejudice Plaintiff if, in the interim, "the house remains damaged and unrepaired and [Defendant] avoid having to honor its contractual obligations."[46] Therefore, the Court finds that the second *Landis* factor weighs against staying this matter. Finally, the Court finds that the third *Landis* factor weighs against staying this proceeding because judicial economy is not served by enforcing a potentially years long delay where the parties may still agree to an enforceable resolution of this matter. As previously stated, Defendant may renew its motion to stay the litigation closer to trial or if Gardebled and Pitre do not cooperate. Accordingly,

**IT IS HEREBY ORDERED** that the "Motion to Stay" is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___5th___ day of July, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[45] Rec. Doc. 24 at 2.

[46] *Id*.